UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:06-CR-01-01-SEB-MGN |
| | ) | |
| CHARLES EDWARD MINOR | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on October 7, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on October 7, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g). An initial hearing was held on October 29, 2010, and disposition proceedings were held on January 3, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. Mr. Minor appeared at the initial hearing and the disposition hearing in person and with CJA Counsel, Khalid Kahloon. The Government appeared by James Warden, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On October 29, 2010, Khalid Kahloon, CJA Counsel, was present to represent Mr. Minor in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Minor and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Minor and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Minor was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition and Supplemental Petition.

4. Mr. Minor was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Minor was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Minor was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Minor had violated an alleged condition or conditions of his supervised release set forth in the Petition and the Supplemental Petition, he would be held for a revocation hearing.

7. Mr. Minor, by counsel, waived his right to a preliminary hearing and a detention hearing, and written waivers were executed in open court.

8. Mr. Minor, by counsel, requested that the revocation hearing be postponed and he be returned to the Grayson County Detention Center for treatment of health related issues.

9. On December 8, 2010, the Court set this matter for revocation hearing for January 3,

2011.

10. On January 3, 2011, the defendant appeared by CJA Counsel, Khalid Kahloon. The Court proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 6 as contained in the Petition, and the Court was advised that an agreement had been reached between the parties.

The parties then stipulated the following in open Court:

(a) As to Violation Numbers 1 thru 6 of the Petition for Violation of the Terms of Supervised Release filed on October 7, 2010, the defendant admitted in open Court that he had violated these conditions.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve fourteen (14) months of imprisonment with no term of supervised release to follow.

11. The Court then inquired of the defendant, who was sworn at the initial hearing and remained under oath, as to whether he admitted to the specifications alleged in the Petition, and Mr. Minor admitted all violations contained in the Petition. The Court specifically inquired of Mr. Minor whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Minor that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Minor answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 6.

The violations in the Petition are summarized as follows:

**Violation Number**      **Nature of Noncompliance**

| | |
|---|---|
| 1 | **"The defendant shall not leave the judicial district without permission of the Court or probation officer."** |

On October 6, 2010, Mr. Minor was seen entering the Red Roof Inn motel at 8097 Moores Lane, Brentwood, Tennessee. He did not have permission of the Court or the probation officer to leave the Eastern District of Texas, where he was being supervised.

| | |
|---|---|
| 2 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

On July 22, 2010, Mr. Minor was instructed by the probation officer to report to the probation office on August 4, 2010. Mr. Minor failed to report as instructed.

On August 10, 2010, an appointment notice was mailed to Mr. Minor, instructing him to report to the probation office on August 16, 2010. Again, he failed to report as instructed.

Another appointment notice was mailed to Mr. Minor on September 7, 2010, instructing him to report to the probation office on September 15, 2010. He failed to report as instructed.

Mr. Minor also has failed to submit written monthly reports for July, August and September 2010.

| | |
|---|---|
| 3 | **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."** |

According to Mr. Minor's family members, he has not been residing with them at 8812 Sagebruth Trail, Aubrey, Texas, as he reported to the U.S. Probation Office. He has stayed at that residence only three nights since his release to supervision on July 21, 2010. The family claimed to have no information regarding Mr. Minor's current whereabouts.

| | |
|---|---|
| 4 | **"The defendant shall provide the probation officer access to any requested financial information."** |

On July 22, 2010, Mr. Minor was instructed to complete a financial statement and return it to the probation officer on August 4, 2010. He failed to do so.

| | |
|---|---|
| 5 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |

On July 22, 2010, Mr. Minor was enrolled in the U.S. Probation Office's random drug testing program. He was instructed to call a toll-free number every night and to report for drug testing as instructed. Mr. Minor has failed to call the toll-free number for the drug testing program and has therefore failed to submit urine specimens for testing as instructed on August 31, September 7, September 11, and September 22, 2010.

| 6 | **"The defendant shall pay any restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."** |

> **"Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income."**

> As of this writing, Mr. Minor has failed to make a payment toward his restitution obligation.

12. Based on the information available to the Court, the Court further finds the following:

   1) Mr. Minor has a relevant criminal history category of VI. *See,* U.S.S.G. 7B1.4(a).

   2) The most serious grade of violation committed by Mr. Minor constitutes a Grade C violation, pursuant to U.S.S.G. 7B1.1(b).

   3) Pursuant to U.S.S.G. 7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Minor is 8-14 months.

   4) The appropriate disposition for Mr. Minor's violation of the condition of supervised release is as follows:

      (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of fourteen (14) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 6 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Minor shall be committed to the Bureau of Prisons to serve a term of imprisonment of fourteen (14) months with no term of supervised release to follow. Pursuant to the defendant's request, the Court recommends that the defendant's term of imprisonment be served at the Federal Medical Center in Lexington, Kentucky.

Counsel for the parties and Mr. Minor stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Minor entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Minor's supervised release.

**IT IS SO RECOMMENDED** this 11th day of January, 2011.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

James Warden
james.warden2@usdoj.gov

Khalid Kahloon
kahloon@msn.com, kahloon2@hotmail.com

U.S. Marshal

U.S. Probation Office